# EXHIBIT 1

## STATEMENT OF CLAIM

Filed March 9, 2026, Magistrate Court of Gwinnett County, Georgia

Case No. 26-M-12615

Exhibit 1 | Page 1 of 23

| | |
|---|---|
| Forrest Butler Davis | **MAGISTRATE COURT OF GWINNETT COUNTY** |
| [Plaintiff's Name(s)] | **STATE OF GEORGIA** |
| 3148 Roberts Rd NW | |
| [Street Address] | **STATEMENT OF CLAIM** 1100C |
| Duluth GA 30096 | |
| [City, State, Zip Code] | **CASE NO.** 26M12615 |
| 404-386-9255 | |
| [Phone Number] | **INFO & FORMS ON THE INTERNET** |
| forrestd101@gmail.com | http://www.gwinnettcourts.com |
| [Email Address] | |
| **VS.** | |
| I.C. System, Inc | *Court notices will be sent via U.S. Mail and E-mail.* |
| [Defendant's Name(s)] | **IMPORTANT:** If you are using EFILE GA to file any |
| 444 Highway 96 East | pleadings, **PLEASE ADD "EFILEGA" TO YOUR** |
| [Street Address] | **CONTACTS.** Call us at 770.822.8080 if you have any |
| St. Paul, Minnesota 55127 | questions. |
| [City, State, Zip Code] | |
| (800) 279-7951 | |
| [Phone Number] | |
| consumeraffairs@icsystem.com | |
| [Email Address] | |

*(Filing stamp: TIANA P. GARNER, Clerk Magistrate Court, Gwinnett County, GA — Filed in Office 2026 MAR -9 PM 2: 7)*

1. **The Court has jurisdiction over the Defendant(s) because:**
   [ ] the Defendant(s) is a resident of Gwinnett County;
   [X] Other (please specify): Defendant is a Foreign Profit Corp. registered with GA SOS (No. 0358417) with registered agent CT Corporation System, 289 S Culver St, Lawrenceville, GA 30046, O.C.G.A. 9-10-91(1).

2. **Plaintiff(s) must write a brief statement explaining the basis for each claim against the Defendant(s). Plaintiff claims that the Defendant(s) is/are indebted to the Plaintiff(s) for the following reasons** *[attach separate sheet(s) as needed]:*

   Violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), Fair Credit Reporting Act (15 U.S.C. 1681 et seq.),

   and GA Fair Business Practices Act (O.C.G.A. 10-1-390 et seq.). Defendant collected a disputed $690 debt from Spectrum, updated credit bureaus

   before providing verification in violation of FDCPA 1692g(b), failed to conduct reasonable investigation under FCRA 1681s-2(b),

   and continued to report inaccurate info despite disputes, causing actual damages to Plaintiff's auto financing.

   Full Statement of Claim attached hereto and incorporated by reference.

3. **Plaintiff(s) is/are seeking the following amounts from Defendant(s):**

   $ 6,104.92        **Principal**
   $ N/A            **Interest**
   $ 200.00          **Court Costs**
   $ _____    **Attorney's Fees (only for represented case)**

**State of Georgia, Gwinnett County:**

Forrest Butler Davis _____ being duly sworn on oath says the foregoing is a just and true statement the amount owing by defendant(s) to plaintiff(s), exclusive of all setoffs and just grounds of defense.

Sworn and subscribed before me this

9 day of March 20 26

_____
Notary Public/Attesting Official

_____
Plaintiff(s) or Agent for Plaintiff(s)

_____
(If Agent for Plaintiff, List Title or Capacity)

Exhibit 1 | Page 2 of 23

## IN THE MAGISTRATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Forrest Butler Davis,                        )
3148 Roberts Rd NW, Duluth, GA 30096 )
Duluth, Georgia 30096                        )
(404) 386-9255                               )
                                             )    Civil Action
                                             )
Plaintiff,                                   )    Case No. 26M12615
                                             )
                                             )    (To be assigned by Clerk)
v.                                           )
                                             )
I.C. SYSTEM, INC.,                           )
444 Highway 96 East                          )
St. Paul, Minnesota 55127                    )
Serve via Registered Agent:
C T Corporation System
289 S Culver St, Lawrenceville, GA 30046

Defendant.

Exhibit 1 | Page 3 of 23

## STATEMENT OF CLAIM

## I. PARTIES

1. Plaintiff Forrest Butler Davis is an individual residing at 3148 Roberts Rd NW, Duluth, GA 30096, in Gwinnett County, Georgia.

2. Defendant I.C. System, Inc. ("IC System") is a Minnesota corporation registered as a Foreign Profit Corporation with the Georgia Secretary of State (Control No. 0358417), with its principal place of business at 444 Highway 96 East, St. Paul, Minnesota 55127. Defendant's registered agent in Georgia is C T Corporation System, 289 S Culver Street, Lawrenceville, Georgia 30046, in Gwinnett County. Defendant transacts business in the State of Georgia by collecting debts from Georgia consumers and furnishing information about Georgia consumers to nationwide consumer reporting agencies.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to O.C.G.A. § 15-10-2(6), as this is a civil claim not exceeding $15,000.

4. This Court has personal jurisdiction over Defendant pursuant to Georgia's Long Arm Statute, O.C.G.A. § 9-10-91(1), as Defendant transacts business within this state by collecting debts from Georgia consumers and reporting information to credit bureaus concerning Georgia consumers. Defendant is further subject to jurisdiction as a Foreign Profit Corporation registered with the Georgia Secretary of State and maintaining a registered agent in Gwinnett County.

5. Venue is proper in Gwinnett County as Plaintiff resides in Gwinnett County and the acts giving rise to this action were directed at Plaintiff in Gwinnett County.

## III. FACTUAL ALLEGATIONS

6. In or around 2021, Plaintiff maintained an internet service account with Charter Communications, Inc. d/b/a Spectrum ("Spectrum") at a previous address located at 2791 Whippoorwill Court, Duluth, Georgia.

7. When Plaintiff relocated to 3148 Roberts Road, Duluth, Georgia, Plaintiff attempted to transfer service to the new address. Spectrum dispatched a technician who determined that the new address was not within Spectrum's service territory. Plaintiff canceled service that same day.

8. Spectrum subsequently billed Plaintiff $690.00 for a cable modem that Spectrum alleges was provided to Plaintiff at the new address. Plaintiff never received a cable modem at the new address. Plaintiff disputed this charge directly with Spectrum at the time.

9. On or about July 30, 2024, Spectrum assigned the disputed $690.00 balance to Defendant IC System for collection (Spectrum Account No. 170143826; IC System Reference No. 361421436-1-39).

10. On January 13, 2025, Plaintiff contacted Defendant by telephone to obtain the account reference number and notified Defendant that Plaintiff did not acknowledge the debt. This call was recorded by Plaintiff. Georgia is a one-party consent state for audio recordings.

11. On January 17, 2025, Plaintiff sent a written debt verification request to Defendant via certified mail with return receipt (USPS Tracking No. 9589071052701971909061).

12. The debt verification request was received and signed for by Defendant on January 21, 2025, as confirmed by USPS return receipt.

13. Under 15 U.S.C. § 1692g(b), upon receipt of a written dispute within the validation period, a debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt and a copy of such verification is mailed to the consumer.

Exhibit 1 | Page 4 of 23

14. **On February 2, 2025—twelve (12) days after receiving Plaintiff's verification request and before providing any verification to Plaintiff—Defendant updated Plaintiff's credit reports with all three major consumer reporting agencies: Equifax, Experian, and Transunion.** Updating credit bureau reports during the verification period constitutes continued collection activity in violation of the FDCPA.

15. On or about February 8, 2025 (per USPS postmark), Defendant mailed its purported response to Plaintiff's verification request. This response consisted solely of a photocopy of a single Spectrum bill dated January 4, 2022, addressed to Plaintiff's prior address. No itemization of the debt, no proof of equipment delivery, no signed service agreement, and no documentation substantiating the specific equipment charge was provided.

16. On February 7, 2025, Plaintiff sent a violation notice to Defendant via certified mail (with tracking confirmation), detailing the FDCPA violations. This letter was received by Defendant on February 11, 2025. Plaintiff also sent dispute letters to all three credit bureaus on the same date and filed a complaint with the Consumer Financial Protection Bureau (CFPB).

17. On February 9, 2025, Defendant further updated all three credit bureaus to reflect "Investigation Complete, reported by data furnisher."

18. On February 10, 2025, Plaintiff filed a complaint with the Georgia Attorney General's Office.

19. **On February 18, 2025, Transunion completed its investigation and deleted the IC System tradeline from Plaintiff's Transunion credit report.** Transunion's independent determination that the information warranted deletion is significant, as the same information continued to be reported by Defendant to Experian and Equifax.

20. On March 3, 2025, and again on March 19, 2025, Plaintiff sent Method of Verification ("MOV") letters to Experian via certified and Priority Mail, requesting that Experian disclose the method by which it verified the disputed tradeline. The second letter was confirmed delivered on March 24, 2025. Plaintiff received no substantive response to either MOV letter.

21. On October 6, 2025, Plaintiff sent a final demand letter to Defendant via certified mail with return receipt (USPS Tracking No. 95890710527020041289472; Return Receipt No. 95909402921114295388213). The letter was confirmed delivered on October 14, 2025. Defendant did not respond.

22. **As of the date of this filing, the IC System negative tradeline remains on Plaintiff's Experian and Equifax credit reports.** Plaintiff's current credit scores are: Transunion 669 (tradeline deleted February 18, 2025), Equifax 602 (tradeline still present), and Experian 639 (tradeline still present). The 67-point disparity between Plaintiff's Transunion score and Equifax score is directly attributable to the inaccurate IC System tradeline, as the tradeline is

Exhibit 1 | Page 5 of 23

the primary distinguishing factor between the reports. Defendant has continued to update the tradeline, including balance and status updates in February, March, and subsequent months of 2025, despite Plaintiff's repeated written disputes and Defendant's failure to provide adequate verification.

23. In November 2025, Plaintiff obtained automobile financing for a Subaru Crosstrek. The financing terms were directly and adversely affected by the inaccurate IC System tradeline on Plaintiff's credit reports. At the time of financing, Plaintiff's credit scores were: Transunion 669 (which did NOT include the IC System tradeline, as Transunion had deleted it on February 18, 2025), Equifax 602 (which DID include the IC System tradeline), and Experian 639 (which DID include the IC System tradeline). **The IC System tradeline depressed Plaintiff's Equifax score by approximately 67 points and Plaintiff's Experian score by approximately 30 points compared to the Transunion score that was free of the inaccurate tradeline.** Plaintiff received an interest rate of 5.40% on a financed amount of $26,819.43 over 72 months, resulting in total interest charges of approximately $4,638.09. Based on Plaintiff's credit profile absent the disputed tradeline—with all three bureau scores at or above 669—Plaintiff would have qualified for a rate of approximately 4.25%, resulting in total interest charges of approximately $3,611.86. The excess interest attributable to Defendant's inaccurate credit reporting is approximately $1,026.23 over the life of the loan. Plaintiff's automobile salesman informed Plaintiff at the time of financing that the negative credit item from IC System directly affected the financing terms.

### IV. COUNT I — FAIR DEBT COLLECTION PRACTICES ACT

(15 U.S.C. § 1692 et seq.)

24. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

25. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. Defendant violated 15 U.S.C. § 1692g(b) by engaging in collection activity—specifically, updating Plaintiff's credit bureau reports—after receiving Plaintiff's written verification request and before providing verification of the debt.

27. Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representations in connection with the collection of the debt, including by reporting the debt as verified to credit bureaus without having provided adequate verification to Plaintiff.

28. Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the debt, including by continuing to furnish negative credit information after failing to verify the debt.

29. Defendant's violations were willful and not the result of a bona fide error, as evidenced by Defendant's continued reporting and updating of the tradeline over a period exceeding one

Exhibit 1 | Page 6 of 23

year, despite multiple written disputes and notices, regulatory complaints, and one bureau's independent deletion of the information.

## V. COUNT II — FAIR CREDIT REPORTING ACT

(15 U.S.C. § 1681 et seq.)

30. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

31. Defendant is a "furnisher of information" to consumer reporting agencies as defined by 15 U.S.C. § 1681s-2.

32. Upon receiving notice of Plaintiff's dispute through the consumer reporting agencies, Defendant had a duty under 15 U.S.C. § 1681s-2(b)(1) to conduct a reasonable investigation with respect to the disputed information, review all relevant information provided, and report the results of the investigation to the consumer reporting agency.

33. Defendant failed to conduct a reasonable investigation. The inconsistent outcomes—Transunion deleting the tradeline while Experian and Equifax continued to report it—demonstrate that Defendant's investigation, if any, was not reasonable or uniform.

34. Defendant's failure to conduct a reasonable investigation was willful, as Defendant continued to furnish and update the disputed information despite receiving Plaintiff's violation notice, multiple dispute letters, and a final demand letter, none of which Defendant responded to.

## VI. COUNT III — GEORGIA FAIR BUSINESS PRACTICES ACT

(O.C.G.A. § 10-1-390 et seq.)

35. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

36. The Georgia Court of Appeals has held that a violation of the FDCPA constitutes a per se violation of the Georgia Fair Business Practices Act. See 1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga. App. 457, 654 S.E.2d 428 (2007).

37. Defendant's FDCPA violations, as set forth in Count I, therefore constitute violations of the Georgia FBPA.

38. Defendant's violations were intentional, as demonstrated by the knowing and sustained pattern of reporting disputed, unverified information over a period exceeding one year, the complete failure to respond to Plaintiff's violation notice and final demand letter, and the continued reporting even after one major credit bureau independently determined the information should be deleted.

## VII. PRAYER FOR RELIEF

Exhibit 1 | Page 7 of 23

forrestd101@gmail.com

Date: _____

## VERIFICATION

    I, Forrest Butler Davis, being duly sworn, do hereby verify that the facts set forth in the foregoing Statement of Claim are true and correct to the best of my knowledge, information, and belief.

_____

Forrest Butler Davis

Sworn to and subscribed before me this _____ day of _____, 2026.

_____

Notary Public

My commission expires: _____

Exhibit 1 | Page 8 of 23

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

a. Statutory damages of $1,000.00 under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2)(A);

b. Statutory damages of $1,000.00 under the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a)(1)(A);

c. Actual damages of $1,026.23 representing excess interest charges on Plaintiff's automobile financing resulting from Defendant's inaccurate credit reporting, under 15 U.S.C. § 1692k(a)(1) and 15 U.S.C § 1681n(a)(1)(A);

d. Treble actual damages of $3,078.69 under O.C.G.A. § 10-1-399(a) for Defendant's intentional violations of the Georgia Fair Business Practices Act;

e. Court costs, filing fees, service of process fees, and postage costs incurred in pursuing this matter, in an amount to be proven at trial;

f. An order requiring Defendant to request deletion of the disputed tradeline from all consumer reporting agencies; and

g. Such other and further relief as this Court deems just and proper.

**Total amount sought: Approximately $6,304.92** (comprising $1,000.00 FDCPA statutory damages, $1,000.00 FCRA statutory damages, $1,026.23 actual damages, $3,078.69 FBPA treble damages, plus costs), exclusive of any additional relief the Court may deem just and proper.

Respectfully submitted,

_____

Forrest Butler Davis, Pro Se

3148 Roberts Rd NW, Duluth, GA 30096

Duluth, Georgia 30096

(404) 386-9255

Exhibit 1 | Page 9 of 23

# EXHIBIT 2

## NOTICE AND SUMMONS

Issued March 9, 2026, Magistrate Court of Gwinnett County, Georgia

Case No. 26-M-12615

Exhibit 2 | Page 10 of 23

## IN THE MAGISTRATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

FORREST BUTLER DAVIS

Plaintiff(s)

Civil Action File No.: 26MI2615

v.

I.C. SYSTEM, INC

Defendant(s)

### NOTICE AND SUMMONS
*\*This pleading must be served with the Statement of Claim.\**
**PLEASE READ**

**TO ALL DEFENDANT(S):** You are hereby notified that the Plaintiff(s) is/are requesting a judgment against you. YOU ARE REQUIRED TO FILE or PRESENT AN ANSWER TO THIS CLAIM WITHIN **30** DAYS AFTER THE DATE OF SERVICE. (Answer forms can be obtained from www.gwinnettcourts.com under the Magistrate Court tab or from the Clerk's office.) Your answer must be RECEIVED by the Clerk within 30 days of service. If you do not think your answer will arrive before the 30-day deadline, you may file your answer in person at the Magistrate Court Clerk's office during normal business hours or electronically using eFileGA (www.odysseyefilega.com, under the "File Now!" tab).

IF YOU DO NOT FILE AN ANSWER, A *JUDGMENT BY DEFAULT* WILL BE ENTERED AGAINST YOU. This means you will not be able to challenge the claims set forth in the Statement of Claim and the Court can only consider the amount of damages (if any) to award. Your answer must either be filed in writing, or it may be given orally to the Judge on Duty. If you choose to file your answer orally, you must do so in person, at the Magistrate Court, and within the 30-day answer period. TELEPHONE or EMAILED ANSWERS ARE **NOT** PERMITTED. If you have a claim against the Plaintiff(s), you may file a counterclaim along with your answer. If you admit the claims stated in the Statement of Claim, but need additional time to pay, you must come to the hearing in person and tell the Court your financial circumstances. Magistrate Court permits payment plans to satisfy money judgments and you may request a payment plan from the Judge.

A hearing on this claim will be scheduled after the 30-day answer period has expired. All hearings will take place at the Gwinnett Justice & Administration Center, 75 Langley Dr., Lawrenceville, GA 30046. You may come to Court with or without an attorney. If you have any witnesses, documents, or other evidence, you must bring them with you to your hearing. If you want any witnesses or documents subpoenaed, you must see one of the Magistrate Court Clerks for assistance.

For additional information, please consult a licensed attorney or go to www.gwinnettcourts.com under the Magistrate Court tab.

This __9__ day of __March_____, 20 __26__

_____
Magistrate or Deputy Clerk of Court

Exhibit 2 | Page 11 of 23

## GENERAL INSTRUCTIONS --IF YOUR CASE GOES TO TRIAL

The instructional tape, "I PRESENT MY CASE" is currently scheduled for viewing on the Gwinnett County Public Access Channel, Channel 23, on the following days and times: Monday, 5:30 P.M. & Saturday, 4:30 P.M; In Spanish, Tuesday, 5:30 P.M., & Sunday, 4:30 P.M..   Current scheduling can be confirmed on the web-site, www.gwinnettcounty.com, click on Calendar, click on Cable Calendar.

See the courts website, www.gwinnettcourts.com.

Additionally, you must be prepared and **ON TIME**.  Bring all of your witnesses, documents, photographs, etc. to court with you.  If you are late, you may automatically lose your case and you may not have an opportunity to present your side of the issue.  If you must be late, contact the court well in advance during normal business hours so that the calendar can be properly marked.

The following may help you in preparing your claim or defense:

☐ All parties shall notify the Clerk of Court in writing of any address change, or daytime telephone number change. All court notices come by regular mail. If you fail to provide your new address, you may miss your trial & lose your case.

☐ I will bring the following to court to prove my case:

☐ Written contracts, leases, IOUs, notes, and all written documents applicable to the case.
☐ Letters and/or papers relating to the case
☐ Bills or estimates, invoices. (The person(s) who prepared the bills or estimates should accompany you to court)
☐ Canceled checks
☐ Photographs
☐ Witnesses (Should accompany you.  Notarized statements CANNOT be accepted as evidence at a trial.)
☐ All other evidence you consider relevant.

☐ I will bring to court all witnesses having firsthand knowledge of my case.  They have not heard evidence from someone else. [NOTE: Impartial witnesses who have no stake in the outcome of the case are generally more believable]

☐ I need to get a subpoena (order to appear) from the Clerk of Court  for some witnesses to make certain that they appear. I need to get subpoenas for the production of documents.

☐ This case involves damage to property (for example, a car, the home, etc.)

☐ I can describe the damage in detail and I have repair bills, written estimates of damage or repair, or other reliable evidence to help support **my opinion of the value of the property before and/or after** the damage.  [NOTE: a case involving damages must always be proved by LIVE TESTIMONY].  Bring/subpoena the person to court who prepared the estimates.

☐ I can describe the condition of the property before the damage and I have determined what it was worth then.  I have a Bluebook/Blackbook guide or newspaper ads to help prove my opinion.  I can describe with reasonable certainty the cost of repairs.  I have researched the law as to the correct measure of damages.

**FOR PLAINTIFF:**
☐ The party I have named is liable to me.  (There is not a another person or corporation who really owes the money to me. (Just because a person is an officer/registered agent  of a corporation does not make that person liable.)
☐ I can prove the amount of the complaint.  I have not asked for more money than is really owed me.

**FOR THE DEFENDANT:**
☐ I filed an answer/counterclaim to the Plaintiff's claim on time.

☐ I do not owe the money because someone else is legally responsible, a third party or a corporation.

☐ I do not owe the Plaintiff anything for some other reasons.

☐ The Plaintiff is suing for more than the damage.

☐ The Plaintiff owes me money and I have set forth the amount owed me in my counterclaim.
(A counterclaim must be proven to a "preponderance of the evidence" in the same manner as Plaintiff's claim.)

☐ I owe most or all of the money the Plaintiff claims but I need more time to pay it.  I need to set up a payment plan.  I will try to work this out with the plaintiff before court.  Otherwise, I will tell the judge I need a payment plan at the court date. judge

NOTE: The Magistrate Court attempts to use simple procedures but is subject to the same rules of law and evidence as any other court.  You may wish to seek legal advice from an attorney if the importance of your case warrants it. You have the responsibility for presenting your case and this form gives only general advice which may not be adequate in your case.

MAG 10-02 Statement of Claims Instructions.wpd

Exhibit 2 | Page 12 of 23

# EXHIBIT 3

## SHERIFF'S ENTRY OF SERVICE

Gwinnett County, Georgia

Corporation Service on CT Corporation System, Lawrenceville, GA 30046

Exhibit 3 | Page 13 of 23

Civil Action No. _____

Date Filed _____

Attorney's Address FORREST DAVIS
3148 ROBERTS RD NW
DULUTH GA 30096

Name and Address of party to be served.

CT CORPORATION SYSTEM
289 S CULVER ST
LAWRENCEVILLE, GA 30046

Magistrate Court ☑
Superior Court ☐
State Court ☐
Georgia, Gwinnett County

FORREST BUTLER DAVIS

_____
**Plaintiff**

VS.

IC SYSTEM, INC

_____
**Defendant**

_____
**Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**Corporation** ☑

Served the defendant _____ a corporation

by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20_____.

_____
**Deputy**

Sheriff Docket_____ Page_____

_____
**Gwinnett County, Georgia**

WHITE: Clerk        CANARY: Plaintiff / Attorney        PINK: Defendant

SC-2 Rev.3.13

Exhibit 3 | Page 14 of 23

# EXHIBIT 4

## SERVICE OF PROCESS NOTIFICATION
## AND TRANSMITTAL DOCUMENTS

CT Corporation / Wolters Kluwer

CT Log Number 551669356, dated March 18, 2026

Exhibit 4  |  Page 15 of 23



**CT Corporation**
**Service of Process Notification**
03/18/2026
CT Log Number 551669356

## Service of Process Transmittal Summary

**TO:**  Michelle Dove
I.C. System, Inc.
444 Highway 96 E
Saint Paul, MN 55127-2557

**RE:**  **Process Served in Georgia**

**FOR:**  I.C. System, Inc.  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Forrest Butler Davis vs. I.C. System, Inc |
| **CASE #:** | 26M12615 |
| **PROCESS SERVED ON:** | C T Corporation System, Lawrenceville, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/18/2026 at 09:53 |
| **JURISDICTION SERVED:** | Georgia |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780115635316 |
| | Image SOP |
| | Email Notification,  Michelle Dove  mdove@icsystem.com |
| | Email Notification,  Legal Department  legal@icsystem.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Exhibit 4 | Page 16 of 23



Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**                     Wed, Mar 18, 2026
**Server Name:**              Drop Service

| Entity Served | I.C. System INC |
|---|---|
| Case Number | 26-M-12615 |
| Jurisdiction | GA |

| Inserts |
|---|
|  |

Exhibit 4 | Page 17 of 23

Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 14
SafetySeal(101761)



BRETT BAGWELL
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS LTR**          **1 OF 1**

**SHIP TO:**
MICHELLE DOVE
6514816509
I.C. SYSTEM, INC.
444 HIGHWAY 96 E
**SAINT PAUL MN 55127**

**MN 554 9-01**

**UPS NEXT DAY AIR**
TRACKING #: 1Z X21 278 01 1563 5316

**1**

BILLING: P/P

Reference No.1: SOP/2401130/551669356/CT SOP Custo

XOL 26.03.1B          NV45 12.0A 03/2026*

2368749          22          Origin: Wolters Kluwer UPS 562130

Exhibit 4 | Page 18 of 23

Exhibit 4 | Page 19 of 23

CT Corporation

| | |
|---|---|
| **UPS Tracking # :** | 1ZX212780115635316 |
| **Created By :** | BATCH BATCH |
| **Created On :** | 03/18/2026 07:21 PM |
| **Recipient :** | |

**Michelle Dove**

| | |
|---|---|
| Title : | -- |
| Customer : | I.C. System, Inc. |
| Address : | 444 Highway 96 E |
| Email : | mdove@icsystem.com |
| Phone : | 6514816509     Fax :    - |

| | |
|---|---|
| **Package Type :** | Envelope |
| **Items shipped :** | 1 |

| Log # | Case # | Entity Name |
|---|---|---|
| 551669356 | 26M12615 | I.C. System, Inc. |

# EXHIBIT 5

---

## STATE COURT DOCKET SHEET

re:SearchGA, Gwinnett County Magistrate Court

Davis v. I.C. System, Inc., Case No. 26-M-12615

Printed April 13, 2026

Exhibit 5  |  Page 20 of 23

https://researchga.tylerhost.net/CourtRecordsSearch/ViewCasePrint/7540a9576b3e49d3b4b995c979c1de45

# Case Information

## DAVIS VS I.C. SYSTEM, INC

26-M-12615

Location
Gwinnett County - Magistrate Court

Case Category
Civil

Case Type
Statement of Claim*

Case Filed Date
3/9/2026

Case Status
Pending

## Parties [2]

| Type | Name | Nickname/Alias | Attorneys |
|------|------|----------------|-----------|
| Plaintiff | DAVIS, FORREST BUTLER | | Pro Se |
| Defendant | I.C. SYSTEM, INC | | |

## Events [3]

| Date | Event | Index # | Type | Comments | Documents |
|------|-------|---------|------|----------|-----------|
| 3/9/2026 | Service | | Service | - | - |
| 3/9/2026 | Filing | | Statement of Claim | | abbd71c5-e387-4266-b441-b69f2358c0f5.pdf |
| 3/19/2026 | Filing | | Sheriff/Marshall's Service | | b430b9f2-0fc8-46a4-9cfe-91cd3e8994a3.pdf |

© 2026 Tyler Technologies, Inc. | All Rights Reserved
Version: 2025.9.2.1876


EMPOWERED BY
TYLER TECHNOLOGIES

# Case Information

## DAVIS VS I.C. SYSTEM, INC

26-M-12615

📁🔒 👁️🔒 🖨️ ⌁ [ File Into ]

Case last refreshed: 3/20/26 9:17 AM

**Location**
Gwinnett County - Magistrate Court ⇄

**Case Category**
Civil

**Case Type**
Statement of Claim*

**Case Filed Date**
3/9/2026

**Case Status**
Pending

## Parties ²

| Type | Name | Nickname/Alias | Attorneys |
|------|------|----------------|-----------|
| Plaintiff | DAVIS, FORREST BUTLER ▾ | | Pro Se |
| Defendant | I.C. SYSTEM, INC ▾ | | |

## Hearings ⁰

No hearings found.

## Events ³

**Sort**
Newest ▾

Search Events

**Event Type**
All ▾

🔍 ❓

➕ All ➖ All



## Sheriff/Marshall's Service

**File Date**
3/19/2026

**Index #**

⌁

| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|---|
| b430b9f2-0fc8-46a4-9cfe-91cd3e8994a3.pdf | Sheriffs Entry of Service | PUB | 2 | $1.00 | ➖ Remove |

## Statement of Claim

**File Date**



3/9/2026

Index #



| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|---|
| abbd71c5-e387-4266-b441-b69f2358c0f5.pdf | Statement of Claim | PUB | 9 | $4.50 | ➖ Remove |

# Service

Date
3/9/2026

Service Type

Service

© 2026 Tyler Technologies, Inc. | All Rights Reserved

Version: 2025.9.2.1876

