**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**Civil Action No.**

**FORREST BUTLER DAVIS,**

 **Plaintiff,**

 **v.**

**I.C. SYSTEM, INC.,**

 **Defendant.**

_____/

**DEFENDANT I.C. SYSTEM, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT**

Defendant I.C. System, Inc. ("Defendant" or "I.C. System"), by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows. All allegations not expressly admitted are denied.

**I. RESPONSES TO ALLEGATIONS**

**PARTIES**

1. Defendant admits that Plaintiff Forrest Butler Davis is an individual who resides in Georgia. Defendant lacks sufficient knowledge to admit or deny Plaintiff's exact residential address and therefore denies the same.

1

2.     Defendant admits that I.C. System, Inc. is a Minnesota corporation with its principal place of business in Saint Paul, Minnesota, and that it is registered to do business in Georgia. Defendant denies all remaining allegations in this paragraph.

## JURISDICTION AND VENUE

3.     Defendant admits that Plaintiff purports to assert claims under federal statutes including the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). Defendant denies that Plaintiff is entitled to relief under those statutes.

4.     Defendant admits that it is subject to personal jurisdiction in Georgia for purposes of this action. Defendant denies any implication that jurisdiction or venue establishes liability.

5.     Defendant admits that venue is alleged to be proper in this District and Division. Defendant denies all remaining allegations.

## FACTUAL ALLEGATIONS

6.     Defendant lacks sufficient knowledge to admit or deny Plaintiff's prior service relationship with Charter Communications, Inc., and therefore denies the same.

7.     Defendant lacks sufficient knowledge to admit or deny Plaintiff's interactions with Spectrum regarding relocation of service and therefore denies the same.

**8.**    Defendant denies that the underlying balance was improperly assessed or that Plaintiff did not receive equipment associated with his Spectrum account. Defendant further denies that the debt was invalid.

**9.**    Defendant admits that it was assigned an account associated with Plaintiff for collection. Defendant denies that the debt was disputed or invalid at the time of placement.

**10.**    Defendant lacks sufficient knowledge to admit or deny whether Plaintiff recorded a telephone call and therefore denies the same. Defendant denies any wrongdoing.

**11.**    Defendant admits that it received correspondence from Plaintiff disputing the account.

**12.**    Defendant admits receipt of Plaintiff's correspondence but denies that it failed to comply with any statutory obligations.

**13.**    Defendant admits the existence of 15 U.S.C. § 1692g(b) but denies that it violated that provision.

**14.**    Defendant denies that furnishing information to consumer reporting agencies during the relevant time constituted unlawful collection activity or violated the FDCPA.

3

**15.** Defendant denies that its verification response was inadequate or noncompliant with federal law.

**16.** Defendant admits receipt of additional correspondence from Plaintiff but denies that any violations occurred.

**17.** Defendant denies that its reporting to consumer reporting agencies was inaccurate or unlawful.

**18.** Defendant lacks sufficient knowledge to admit or deny whether Plaintiff filed complaints with governmental agencies but denies that such complaints establish liability.

**19.** Defendant admits that TransUnion removed the tradeline but denies that such removal establishes wrongdoing or liability.

**20.** Defendant lacks sufficient knowledge to admit or deny Plaintiff's communications with Experian and therefore denies the same.

**21.** Defendant denies failing to respond to Plaintiff's correspondence in violation of any law.

**22.** Defendant denies that any credit reporting it furnished was inaccurate or that it caused Plaintiff any harm.

**23.** Defendant denies that it caused Plaintiff damages related to automobile financing or that any alleged interest differential is attributable to Defendant.

## II. COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

*(15 U.S.C. § 1692 et seq.)*

**24–29.** Defendant incorporates its responses above and denies each and every allegation contained in Count I. Defendant denies violating the FDCPA and denies that Plaintiff is entitled to statutory or actual damages.

## III. COUNT II – FAIR CREDIT REPORTING ACT

*(15 U.S.C. § 1681 et seq.)*

**30–34.** Defendant denies each allegation in Count II. Defendant affirmatively states that it conducted reasonable investigations as required by law and accurately reported information to consumer reporting agencies.

## IV. COUNT III – GEORGIA FAIR BUSINESS PRACTICES ACT

*(O.C.G.A. § 10-1-390 et seq.)*

**35–38.** Defendant denies each allegation in Count III. Defendant denies that any conduct occurred in violation of the Georgia Fair Business Practices Act and denies Plaintiff's entitlement to any relief thereunder.

## V. PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested, including damages, injunctive relief, attorneys' fees, or costs.

## VI. AFFIRMATIVE DEFENSES

5

Without assuming the burden of proof on any matter for which Plaintiff bears the burden, Defendant asserts the following affirmative defenses:

1. **Failure to State a Claim** – The Complaint fails to state a claim upon which relief can be granted.

2. **Good Faith Compliance** – Defendant acted in good faith and in compliance with applicable federal and state law.

3. **Bona Fide Error** – Any alleged violation was the result of a bona fide error notwithstanding the maintenance of reasonable procedures.

4. **Reasonable Investigation** – Defendant conducted reasonable investigations consistent with its statutory duties under the FCRA.

5. **Accuracy of Reporting** – The information furnished by Defendant was accurate or reasonably believed to be accurate.

6. **Lack of Causation** – Plaintiff cannot establish that Defendant caused any alleged damages.

7. **Failure to Mitigate** – Plaintiff failed to mitigate alleged damages.

8. **Statute of Limitations** – Some or all claims may be barred by applicable statutes of limitations.

9. **Preemption** – To the extent Plaintiff asserts state law claims concerning the subject matter of credit reporting, such claims are preempted by the Fair Credit Reporting Act, 15 U.S.C § 1681t(b).

10. **No Willfulness** – Defendant did not willfully or recklessly violate any law.

11. **Reservation of Defenses** – Defendant reserves the right to assert additional defenses as discovery proceeds.

## VII. JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

## VIII. PRAYER

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint with prejudice, enter judgment in favor of Defendant, award Defendant its costs, and grant such other relief as the Court deems just and proper.

/s/ Joseph C. Proulx
Joseph C. Proulx, Esq.
Georgia Bar No.: 832707
GOLDEN ALBINSON PROULX
410 South Ware Blvd., Suite 806
Tampa, FL 33619
Direct Line: (352) 256-8057
Email: jproulx@mgl.law
*Counsel for Defendant*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that this document has been prepared in compliance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia, using Times New Roman font in14-point size, with all margins of at least one inch (top margin of at least 1.5 inches), and otherwise complies with the font, spacing, and formatting requirements approved by the Court.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the preceding document has been forwarded via **electronic mail and certified mail, return receipt requested** on the 17th day of April, 2026 to:

Forrest Butler Davis, *Pro Se* Plaintiff

By: */s/ Joseph C. Proulx*
Joseph C. Proulx, Esq.